XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
KEVIN A. CALIA
Deputy Attorney General
ALEXANDRA ROBERT GORDON
Deputy Attorney General
State Bar No. 207650
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5509
  Fax: (415) 703-5480
  E-mail: Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **RYAN YOHN, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**CALIFORNIA TEACHERS ASSOCIATION, et al.,**<br><br>    Defendants. | 8:17-cv-00202<br><br>**ANSWER OF DEFENDANT ATTORNEY GENERAL XAVIER BECERRA**<br><br>Judge: Hon. Josephine L. Staton<br>Courtroom: 10A<br>Action Filed: February 6, 2017 |

Defendant Attorney General Xavier Becerra submits this Answer in response to Plaintiffs' Complaint. The Attorney General answers, in paragraphs that correspond to the Complaint's paragraphs, as follows:

1. The Attorney General admits that each judicial opinion referenced in paragraph 1 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 1.

2.     To the extent that the allegations contained in paragraph 2 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the California Educational Employment Relations Act (the Act), California Government Code section 3540 et seq., speaks for itself. With respect to the remainder of the allegations in paragraph 2, the Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations of paragraph 2. Except as specifically admitted, the Attorney General denies the allegations of paragraph 2.

3.     To the extent that the allegations contained in paragraph 3 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that under the Act, unions may charge bargaining unit employees who do not choose to become members of the union an agency fee to cover their share of "the cost of negotiation, contract administration, and other activities of the employee organization that are germane to its functions as the exclusive bargaining representative." Cal. Gov't Code § 3546(a). The Attorney General admits that California employees covered by an agency fee system may challenge the union's classification of expenditures as chargeable. With respect to the remainder of the allegations in paragraph 3, the Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations of paragraph 3. Except as specifically admitted, the Attorney General denies the allegations of paragraph 3.

4.     To the extent that the allegations contained in paragraph 4 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 4.

5.     The Attorney General denies the allegations of paragraph 5.

6.     The Attorney General denies the allegations of paragraph 6.

7. To the extent that the allegations contained in paragraph 8 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 7.

8. Paragraph 8 sets forth a description of the relief sought by Plaintiffs. The Attorney General denies the allegations in paragraph 8.

9. Paragraph 9 sets forth a description of the relief sought by Plaintiffs. The Attorney General denies the allegations in paragraph 9.

10. The Attorney General admits that Exhibit A speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies the allegations of paragraph 10. Except as specifically admitted, the Attorney General denies the allegations of paragraph 10.

11. The Attorney General admits that Exhibit B speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the allegations of paragraph 11. Except as specifically admitted, the Attorney General denies the allegations of paragraph 11.

12. The Attorney General admits that Exhibit C speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies the allegations of paragraph 12. Except as specifically admitted, the Attorney General denies the allegations of paragraph 12.

13. The Attorney General admits that Exhibit C speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies the allegations of paragraph 13. Except as specifically admitted, the Attorney General denies the allegations of paragraph 13.

14. The Attorney General admits that Exhibit D speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies the allegations of paragraph 14. Except as specifically admitted, the Attorney General denies the allegations of paragraph 14.

15. The Attorney General admits that Exhibit E speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies the allegations of paragraph 15. Except as specifically admitted, the Attorney General denies the allegations of paragraph 15.

16. The Attorney General admits that Exhibit F speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations of paragraph 16. Except as specifically admitted, the Attorney General denies the allegations of paragraph 16.

17. The Attorney General admits that Exhibit G speaks for itself. The Attorney General also admits that California Government Code section 3546.3 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies the allegations of paragraph 17. Except as specifically admitted, the Attorney General denies the allegations of paragraph 17.

18. To the extent that the allegations contained in paragraph 18 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies the allegations of paragraph 18.

19. The Attorney General admits that Defendant CTA is an affiliate of Defendant National Education Association and that it is a teachers' union in

1  California and a public-employee union in the United States.  The Attorney
2  General lacks sufficient knowledge or information to form a belief as to the truth of
3  the remainder of the allegations in paragraph 19, and on that basis denies those
4  allegations.  Except as specifically admitted, the Attorney General denies the
5  allegations of paragraph 19.
6       20.   The Attorney General admits that Defendant NEA is a teachers' union in
7  the United States and a public-sector union.  The Attorney General lacks sufficient
8  knowledge or information to form a belief as to the truth of the remainder of the
9  allegations in paragraph 20, and on that basis denies those allegations.  Except as
10  specifically admitted, the Attorney General denies the allegations of paragraph 20.
11       21.   The Attorney General admits the allegations in paragraph 21.
12       22.   The Attorney General admits the allegations in paragraph 22.
13       23.   The Attorney General admits the allegations in paragraph 23.
14       24.   The Attorney General admits the allegations in paragraph 24.
15       25.   The Attorney General admits the allegations in paragraph 25.
16       26.   The Attorney General admits the allegations in paragraph 26.
17       27.   The Attorney General admits the allegations in paragraph 27.
18       28.   The Attorney General admits the allegations in paragraph 28.
19       29.   The Attorney General admits that Defendant Marian Kim Phelps is the
20  superintendent of Westminster School District.  The Attorney General lacks
21  sufficient knowledge or information to form a belief as to the truth of the remainder
22  of the allegations in paragraph 29, and on that basis denies the allegations of
23  paragraph 29.  Except as specifically admitted, the Attorney General denies the
24  allegations of paragraph 29.
25       30.   The Attorney General admits that Defendant Tom Janis is the
26  superintendent of Eureka Union School District.  The Attorney General lacks
27  sufficient knowledge or information to form a belief as to the truth of the remainder
28  of the allegations in paragraph 30, and on that basis denies those allegations.

Except as specifically admitted, the Attorney General denies the allegations of paragraph 30.

31. The Attorney General admits that Defendant Ken Gibbs is the superintendent of Porterville Unified School District. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 31, and on that basis denies the allegations of paragraph 31. Except as specifically admitted, the Attorney General denies the allegations of paragraph 31.

32. The Attorney General admits that Defendant Kent Kern is the superintendent of San Juan Unified School District. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 32, and on that basis denies the allegations of paragraph 32. Except as specifically admitted, the Attorney General denies the allegations of paragraph 32.

33. The Attorney General admits that Defendant Benjamin Churchill is the superintendent of Carlsbad Unified School District. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 33, and on that basis denies the allegations of paragraph 33. Except as specifically admitted, the Attorney General denies the allegations of paragraph 33.

34. The Attorney General admits that Defendant David Hansen is the superintendent of Riverside Unified School District. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 34, and on that basis denies the allegations of paragraph 34. Except as specifically admitted, the Attorney General denies the allegations of paragraph 34.

35. The Attorney General admits that Defendant Janet Schulze is the superintendent of Pittsburg Unified School District. The Attorney General lacks

sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 35, and on that basis denies the allegations of paragraph 35. Except as specifically admitted, the Attorney General denies the allegations of paragraph 35.

36. To the extent that the allegations contained in paragraph 36 are legal conclusions, no answer is required. The Attorney General admits that he is the Attorney General of California and the chief law officer of the State. The Attorney General admits that article V, section 13 of the California Constitution speaks for itself. The Attorney General also admits that 28 United States Code section 2403(b) speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 36.

37. To the extent that the allegations contained in paragraph 37 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations in paragraph 37.

38. To the extent that the allegations contained in paragraph 38 are conclusions of law, no answer is required. The Attorney General denies the allegations in paragraph 38.

39. The Attorney General admits the allegations in paragraph 39.

40. To the extent that the allegations contained in paragraph 40 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations in paragraph 40.

41. To the extent that the allegations contained in paragraph 41 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations in paragraph 41.

42. To the extent that the allegations contained in paragraph 42 are legal conclusions, no answer is required. The Attorney General admits that California Government Code section 3544 speaks for itself. The Attorney General also admits

that California Government Code section 3543.1 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 42.

43. To the extent that the allegations contained in paragraph 42 are legal conclusions, no answer is required. The Attorney General admits that each statute referenced in paragraph 43 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 43.

44. To the extent that the allegations contained in paragraph 44 are legal conclusions, no answer is required. The Attorney General admits that each statute referenced in paragraph 44 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 44.

45. To the extent that the allegations contained in paragraph 44 are legal conclusions, no answer is required. The Attorney General admits that each statute referenced in paragraph 45 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 45.

46. To the extent that the allegations contained in paragraph 46 are legal conclusions, no answer is required. The Attorney General admits that each statute referenced in paragraph 46 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 46, and on that basis denies the allegations of paragraph 46. Except as specifically admitted, the Attorney General denies the allegations of paragraph 46.

47. To the extent that the allegations contained in paragraph 47 are legal conclusions, no answer is required. The Attorney General admits that each statute and regulation referenced in paragraph 47 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 47, and on that basis denies the allegations of paragraph 47. Except as specifically admitted, the Attorney General denies the allegations of paragraph 47.

48. To the extent that the allegations contained in paragraph 48 are legal conclusions, no answer is required. The Attorney General admits that each statute referenced in paragraph 48 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 48.

49. To the extent that the allegations contained in paragraph 49 are legal conclusions, no answer is required. The Attorney General admits that each statute, regulation, and judicial opinion referenced in paragraph 49 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 49, and on that basis denies the allegations of paragraph 49. Except as specifically admitted, the Attorney General denies the allegations of paragraph 49.

50. To the extent that the allegations contained in paragraph 50 are legal conclusions, no answer is required. The Attorney General admits that California Public Employment Relations Board Regulation 32992(b)(1) speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 50.

51. To the extent that the allegations contained in paragraph 51 are legal conclusions, no answer is required. The Attorney General admits that each statute and regulation referenced in paragraph 51 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 51.

52. To the extent that the allegations contained in paragraph 52 are legal conclusions, no answer is required. The Attorney General admits that California Government Code section 32994(b) speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 52.

53. To the extent that the allegations contained in paragraph 53 are legal conclusions, no answer is required. The Attorney General admits that California Government Code section 3546.3 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder

of the allegations in paragraph 53, and on that basis denies the allegations of paragraph 53. Except as specifically admitted, the Attorney General denies the allegations of paragraph 53.

54. To the extent that the allegations contained in paragraph 54 are legal conclusions, no answer is required. The Attorney General admits that Defendant Local Unions are the exclusive bargaining agents for the school district identified by Plaintiffs' Complaint. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 54, and on that basis denies the allegations of paragraph 54. Except as specifically admitted, the Attorney General denies the allegations of paragraph 54.

55. To the extent that the allegations contained in paragraph 55 are legal conclusions, no answer is required. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies the allegations of paragraph 55.

56. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56, and on that basis denies the allegations of paragraph 56.

57. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57, and on that basis denies the allegations of paragraph 57.

58. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58, and on that basis denies the allegations of paragraph 59.

59. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59, and on that basis denies the allegations of paragraph 59.

60. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60, and on that basis denies the allegations of paragraph 60.

61. To the extent that the allegations contained in paragraph 61 are legal conclusions, no answer is required. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies the allegations of paragraph 61.

62. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62, and on that basis denies the allegations of paragraph 62.

63. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63, and on that basis denies the allegations of paragraph 63.

64. To the extent that the allegations in paragraph 64 are Plaintiffs' characterization of their case or conclusions of law, no response is required. To the extent they may be deemed allegations of fact, the Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64, and on that basis denies the allegations of paragraph 64.

65. The Attorney General admits that only nonmembers of a union participate in the opt-out process. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 65, and on that basis denies those allegations. Except as specifically admitted, the Attorney General denies the allegations of paragraph 65.

66. To the extent that the allegations in paragraph 66 are Plaintiffs' characterization of their case or conclusions of law, no response is required. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 66, and on that basis denies those allegations.

1          67.    To the extent that the allegations in paragraph 67 are Plaintiffs'
2   characterization of their case or conclusions of law, no response is required. The
3   Attorney General admits that each exhibit referenced in paragraph 67 speaks for
4   itself. The Attorney General lacks sufficient knowledge or information to form a
5   belief as to the truth of the remainder of the allegations in paragraph 67, and on that
6   basis denies those allegations. Except as specifically admitted, the Attorney
7   General denies the allegations of paragraph 67.
8          68.    The Attorney General admits that each exhibit referenced in paragraph 68
9   speaks for itself. The Attorney General lacks sufficient knowledge or information
10  to form a belief as to the truth of the remainder of the allegations in paragraph 68,
11  and on that basis denies those allegations. Except as specifically admitted, the
12  Attorney General denies the allegations of paragraph 68.
13         69.    The Attorney General admits that Exhibit K speaks for itself. The
14  Attorney General lacks sufficient knowledge or information to form a belief as to
15  the truth of the remainder of the allegations in paragraph 69, and on that basis
16  denies those allegations. Except as specifically admitted, the Attorney General
17  denies the allegations of paragraph 69.
18         70.    To the extent that the allegations in paragraph 70 are Plaintiffs'
19  characterization of their case or conclusions of law, no response is required. The
20  Attorney General admits that the document referenced in paragraph 70 speaks for
21  itself. The Attorney General lacks sufficient knowledge or information to form a
22  belief as to the truth of the allegations in paragraph 70, and on that basis denies the
23  allegations of paragraph 70. Except as specifically admitted, the Attorney General
24  denies the allegations of paragraph 70.
25         71.    The Attorney General admits that each document referenced in paragraph
26  71 speaks for itself. The Attorney General lacks sufficient knowledge or
27  information to form a belief as to the truth of the allegations in paragraph 71, and
28

on that basis denies the allegations of paragraph 71. Except as specifically admitted, the Attorney General denies the allegations of paragraph 71.

72. The Attorney General admits that each document referenced in paragraph 72 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72, and on that basis denies the allegations of paragraph 72. Except as specifically admitted, the Attorney General denies the allegations of paragraph 72.

73. The Attorney General admits that each document referenced in paragraph 73 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73, and on that basis denies the allegations of paragraph 73. Except as specifically admitted, the Attorney General denies the allegations of paragraph 73.

74. The Attorney General admits that each document referenced in paragraph 74 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74, and on that basis denies the allegations of paragraph 74. Except as specifically admitted, the Attorney General denies the allegations of paragraph 74.

75. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75, and on that basis denies the allegations of paragraph 75.

76. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76, and on that basis denies the allegations of paragraph 76.

77. To the extent that the allegations in paragraph 77 are Plaintiffs' characterization of their case or conclusions of law, no response is required. The Attorney General admits that each document and exhibit referenced in paragraph 77 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77, and on that basis

denies the allegations of paragraph 77. Except as specifically admitted, the Attorney General denies the allegations of paragraph 77.

78. To the extent that the allegations in paragraph 78 are Plaintiffs' characterization of their case, no response is required. The Attorney General admits that the document referenced in paragraph 78 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78, and on that basis denies the allegations of paragraph 78. Except as specifically admitted, the Attorney General denies the allegations of paragraph 78.

79. To the extent that the allegations in paragraph 79 are Plaintiffs' characterization of their case or conclusions of law, no response is required. The Attorney General admits that the exhibit referenced in paragraph 79 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79, and on that basis denies the allegations of paragraph 79. Except as specifically admitted, the Attorney General denies the allegations of paragraph 79.

80. The Attorney General admits that exhibit referenced in paragraph 80 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80, and on that basis denies the allegations of paragraph 80. Except as specifically admitted, the Attorney General denies the allegations of paragraph 80.

81. The Attorney General admits that the exhibit referenced in paragraph 81 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81, and on that basis denies the allegations of paragraph 81. Except as specifically admitted, the Attorney General denies the allegations of paragraph 81.

82. The Attorney General admits that the exhibit referenced in paragraph 82 speaks for itself. The Attorney General lacks sufficient knowledge or information

to form a belief as to the truth of the allegations in paragraph 82, and on that basis denies the allegations of paragraph 82. Except as specifically admitted, the Attorney General denies the allegations of paragraph 82.

83. The Attorney General admits that each document and exhibit referenced in paragraph 83 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83, and on that basis denies the allegations of paragraph 83. Except as specifically admitted, the Attorney General denies the allegations of paragraph 83.

84. The Attorney General admits that the exhibit referenced in paragraph 84 speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84, and on that basis denies the allegations of paragraph 84. Except as specifically admitted, the Attorney General denies the allegations of paragraph 84.

85. The Attorney General admits that California Government Code section 3546(b) speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 85.

86. The Attorney General denies the allegations of paragraph 86.

87. To the extent that the allegations contained in paragraph 87 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 87.

88. To the extent that the allegations contained in paragraph 88 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 88.

89. To the extent that the allegations contained in paragraph 89 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the

allegations of paragraph 89. The Attorney General avers that the limitation of bargaining to a single representative, the accompanying imposition of a duty of fair representation, and the imposition of an equitable and adequate funding mechanism all serve sufficient interests of the government as employer and are sufficiently tailored to do so.

90. To the extent that the allegations contained in paragraph 90 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 90.

91. To the extent that the allegations contained in paragraph 91 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 91.

92. To the extent that the allegations contained in paragraph 92 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that each judicial opinion referenced in paragraph 92 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 92.

93. The Attorney General admits the allegations paragraph 93.

94. The Attorney General incorporates and reasserts each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

95. The Attorney General admits that the First Amendment speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 95.

96. The Attorney General admits that the Fourteenth Amendment speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 96.

97. To the extent that the allegations contained in paragraph 97 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 97.

98. To the extent that the allegations contained in paragraph 98 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 98.

99. The Attorney General incorporates and reasserts each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

100. To the extent that the allegations contained in paragraph 100 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 100.

101. To the extent that the allegations contained in paragraph 101 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 101.

102. The Attorney General admits that Plaintiffs seek an award of their costs, including reasonable attorneys' fees, incurred in the litigation of this case pursuant to 42 United States Code section 1988. The Attorney General denies that Plaintiffs are entitled to such relief.

103. The Attorney General denies each and every allegation not previously admitted or otherwise qualified.

The Attorney General denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief immediately following paragraph 103, or to any relief

whatsoever. To the extent that the Prayer for Relief, including each and all of its subparagraphs, states any allegations, the Attorney General denies them.

In addition, without admitting any allegations contained in the Complaint, the Attorney General asserts the following defenses based on information and belief:

### FIRST DEFENSE

The Complaint, and every cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

### SECOND DEFENSE

To the extent that the Attorney General has undertaken any conduct with regard to the subjects and events underlying Plaintiffs' Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

### THIRD DEFENSE

The Attorney General has not knowingly or intentionally waived any applicable affirmative defense. The Attorney General reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly. The Attorney General further reserves the right to amend the Answer to delete affirmative defenses that he determines are not applicable after subsequent discovery.

WHEREFORE, Defendant prays that:

1. Plaintiff stake nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendants;
3. Defendants be awarded their costs incurred in defending this action; and
4. Defendants be awarded such further relief that the Court may deem just and proper.

///
///

| | | |
|---|---|---|
| 1 | Dated: March 30, 2017 | Respectfully submitted, |
| 2 | | XAVIER BECERRA |
| | | Attorney General of California |
| 3 | | TAMAR PACHTER |
| | | Supervising Deputy Attorney General |
| 4 | | KEVIN A. CALIA |
| | | Deputy Attorney General |

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendant*
*Attorney General Becerra*

# CERTIFICATE OF SERVICE

| Case Name: | **Yohn, Ryan, et al. v. California Teachers Association, et al.** | No. | **8:17-cv-00202** |
|---|---|---|---|

I hereby certify that on <u>March 30, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER OF DEFENDANT ATTORNEY GENERAL XAVIER BECERRA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 30, 2017</u>, at San Francisco, California.

| S. Caston | /s/ S. Caston |
|---|---|
| Declarant | Signature |

SA2017105707
41727786.doc