UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00202-JLS (DFMx) | Date | October 3, 2017 |
|---|---|---|---|
| Title | RYAN YOHN et al. v. CALIFORNIA TEACHERS ASSOCIATION et al. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Nancy Boehme | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Order re: Defendants' Motion for Protective Order (Dkt. 147)

   The Union Defendants move for a protective order limiting the scope of Plaintiffs' discovery in this matter. The Court held an initial telephonic conference with counsel on August 30, 2017, during which it ordered the parties to submit briefs focused on Defendants' position that Plaintiffs should be precluded from taking discovery. After receiving those briefs, the Court rejected Defendants' position. (The Union Defendants are seeking review of this ruling from the district judge.) The Court also ordered the parties to meet and confer about the issues related to the scope of Plaintiffs' discovery requests. After the parties did so, the Court ordered the parties to submit briefing on those issues.

   The parties' respective briefs (Union Defendants: Dkt. 147; Plaintiffs: Dkt. 149) set forth 5 categories on which the parties disagree about the proper scope of discovery: (1) requests concerning political activities and expenditures, (2) requests concerning contacts with government officials, (3) requests concerning lobbying activity, (4) requests concerning public relations activities related to the Friedrichs v. California Teachers Ass'n litigation; and (5) requests concerning union salary scales. The Court held a hearing on September 29, 2017, during which the parties agreed to continue their discussions about possible resolutions on categories (2) and (5). The Court now rules as follows as to the other three categories:

   **Category (1) and (3): Requests concerning political activities and expenditures and lobbying activity.** The Union Defendants' motion is DENIED as to Interrogatory Nos. 1, 2, 3, 6 and 7. The Court adopts Plaintiffs' proposal that the Union Defendants be required to respond to these interrogatories for the period of September 2013 to the present.

   After reviewing the sample public reports submitted by the Union Defendants, see, e.g., Exhibits N-Q to the Kronland Declaration, Dkt. 147-15 to 147-18, the Court is not persuaded that production of these reports would be a sufficient interrogatory response under Fed. R. Civ. P. 33(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00202-JLS (DFMx) | Date | October 3, 2017 |
|---|---|---|---|
| Title | RYAN YOHN et al. v. CALIFORNIA TEACHERS ASSOCIATION et al. | | |

    Rule 33(d) states that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."

    Rule 33(d) is not satisfied by the "wholesale dumping of documents." O'Connor v. Boeing North Am., Inc., 185 F.R.D. 272, 277 (C.D. Cal. 1999). To provide an adequate answer under Rule 33(d), a responding party must specify, by category and location, the records from which answers to interrogatories can be derived. Id. Without such detailed specifications, the burden of deriving the answer is not the same for the parties, and it would be easier for the persons employed by the answering party to locate responsive information. Id. at 278.

    Thus, while it might be possible for Plaintiffs to go through the various public reports filed by the Union Defendants to find data and other information sought by their interrogatories, such an outcome does not satisfy Rule 33(d). To answer Plaintiffs' interrogatories, the information in those reports must be "compil[ed], abstract[ed], or summariz[ed]." From the Court's review of the reports, it does not appear that the burden of that process would be the same for either party. To the contrary, it appears to the Court that the party who created those reports and is familiar with the information can more readily provide the answer.

    **Category (4): Requests concerning public relations activities related to the *Friedrichs* litigation.** The Union Defendants' motion is GRANTED as to RFP No. 17 to NEA, RFP No. 18 to CTA, and RFP No. 16 to the Local Associations. The Union Defendants argue that these requests would infringe their First Amendment rights. The Union Defendants point out that they have agreed to answer requests aimed at identifying what activities related to the Friedrichs litigation were deemed "chargeable."

    To establish a claim of First Amendment privilege, the Union Defendants must make a prima facie showing of an arguable First Amendment infringement. See Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2009). Such a showing requires Union Defendants to show that enforcement of the Plaintiffs' discovery requests will result in either (1) "harassment, membership withdrawal, or discouragement of new members," or (2) "other consequences which objectively suggest an impact on, or chilling of, the members' associational rights." Id. "The existence of a prima facie case turns not on the type of information sought, but on whether disclosure of the information will have a deterrent effect on the exercise of protected activities." Id. at 1162.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00202-JLS (DFMx) | Date | October 3, 2017 |
|---|---|---|---|
| Title | RYAN YOHN et al. v. CALIFORNIA TEACHERS ASSOCIATION et al. | | |

The Union Defendants have made a prima facie showing that disclosure of documents related to their public relations strategies for the Friedrichs litigation would have a chilling effect on their members' associational rights. See, e.g., Dkt. 137-2 at 12 (describing how disclosure of documents revealing unions' internal deliberations and strategies would chill the unions' ability to engage in strategic discussions and planning).

If the party asserting the privilege makes a prima facie showing, the opposing party must then show that the interest in the disclosure of the information outweighs the harm of compelling such disclosure. See Perry, 591 F.3d at 1140. To make such a showing, the party seeking the discovery must show that the information is "highly relevant to the claims or defenses in the litigation—a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)." Id. at 1141; see also Drummond Company, Inc. v. Collingsworth, Nos. 13-80169 & 13-80171, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) (granting motion to quash subpoena because information sought was not highly relevant or carefully tailored).

The Court is unpersuaded that the Union Defendants' public relations strategies related to the Friedrichs litigation is "highly relevant" to the claims and defenses in this case. Plaintiffs argue that they should be allowed to see how the Union Defendants "presented (and considered presenting) their position to the nonmembers whose compelled dues were helping subsidize the Unions' very efforts to maintain that compulsion." Dkt. 149 at 17. But those deliberations, while undoubtedly of interest to Plaintiffs, do not appear to bear directly on any of the issues presented by this case, with its focus on the agency shop and opt-out regime.

|  | : |
|---|---|
| Initials of Clerk | nb |